

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



FILED
APR 0 9 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

_(1) State of Oklahoma, ex rel. Department of Transportation,

                                Plaintiff

-vs.-

(1) United States Department of Interior, Bureau of Indian Afairs, on behalf of the Heirs of Tract 930 SA 42B; (2) Genevieve Marie Kemohah a/k/a Jean M. Kemohah a/k/a Jean Marie Ke Mo Hah a/k/a Jean M. Boese (3) Adrian Sanders a/k/a Adrian K. Sanders; (4) Noah Sanders a/k/a Noah J. Sanders a/k/a Noah Kemohah; (5) Mahada Sanders a/k/a Mahada B. Sanders; (6) Theresa Marie Sanders a/k/a Theresa M. Sanders; (7) Perpetual Highway Easement containing 4.93 acres located in the SE/4 of Section 9, Township 22N, Range 9E in Osage County, Oklahoma

                                Defendants.

The Defendant's Answer to the
NOTICE IN CONDEMNATION
and
REPORT OF COMMISSIONERS

DEMAND FOR JURY TRIAL

Case No. __ 20-CV-209-JED-FHM

Pro Se-16

## I.     THE PARTIES FILING THIS ANSWER

**Jean M. Kemohah a/k/a Jean Marie Ke Mo Hah a/k/a Jean M. Boese**
1876 W. Robinson St., Apt. A
Norman, Cleveland County
OK 73069
405-802-3046

**Theresa Marie Sanders a/k/a Theresa M. Sanders**
1427 E. Maine Ave.
Enid, OK 73701
405-414-2015

**Adrian Sanders a/k/a Adrian K. Sanders**
4036 Creek Valley Blvd.
Carrolton, TX 75010
405-822-7866

**Noah Sanders a/k/a Noah J. Sanders a/k/a Noah Kemohah**
711 Iowa St
Norman, Cleveland County, OK 73069
405-474-1349

**Mahada Sanders a/k/a Mahada B. Sanders**
2340 NW 32nd St
Oklahoma City, OK 73112
405-816-6937

## II.     INTRODUCTION

Plaintiff has initiated condemnation of the Defendants' real property, which is partially held in trust for the Defendants by the Department of Interior Bureau of Indian Affairs and is partially owned in fee simple by the Defendants. Plaintiff has proposed the taking of the real property described in the Notices of Condemnation Proceeding for the expansion of a preexisting highway that traverses two different tracts of land that the Defendants own. Plaintiff and the Defendants entered into Contracts for the two tracts of land in November of 2019. In February of 2020, Plaintiff paid partial consideration to the Defendants for the fee simple portion of the land, through a warrant that obligates the Plaintiff to fulfill their prior contractual agreement and obligates the Defendants to a tax liability on partially restricted federal land.  The Plaintiff has proposed a compensation for the taking of Defendants' real property, in the Report of Commissioners, which is a reduced amount of compensation from the contractually agreed upon compensation.

## III.    STATEMENT OF FACTS

Plaintiff's acquisition agent, Kim Bush, of Universal Field Services, ("Ms. Bush") initiated contact with the Defendants named in section I ("the Defendants"), in early to mid 2018, for the purposes of acquiring the two tracts of real property ("subject properties") that are described in the Notices of Condemnation Proceedings for related cases No. 20-CV-208-TCK-JFJ and No. 20-CV-209-JED-FHM. Kim Bush contacted the Defendants through a series of

phone calls, emails, letters, and meetings over a period of time spanning more than a year in an effort to obtain Right of Way and Easement for the described lands. Plaintiff mailed, emailed, and presented the Defendants with a series of sophisticated legal documents relating to the land acquisition: Title Ownership and Tenant Information; Improvement Survey Questionnaire; Consent of Owners for Grant of Right of Way; Notice Letter of Intent; Hazardous Materials Disclosure; Consent of Owners Right of Entry; legal descriptions of the proposed highway expansion; a Highway Easement Deed, Donation Certificate; and a Vendor/Payee form.

The Defendants remained in contact with Ms. Bush and Plaintiff throughout 2018 and 2019. In late 2019, Ms. Bush met the Defendants at the Norman Central Public Library, in Norman, OK, for the purpose of finalizing agreements for the transfer of the subject properties. The Defendants and Plaintiff agreed upon a total sum of $7,500 for the real property described in Case No. 20-CV-208-TCK-JFJ, and a total sum of $18,000 for the real property described in Case No. 20-CV-209-JED-FHM. In February 2020, Plaintiff issued warrants to the Defendants for "[l]and only" that "represent(s) payment . . . agreed upon between you and the State of Oklahoma. Upon receipt of this warrant, the Oklahoma Department of Transportation completes the purchase of the right-of-way and has the absolute right to immediate possession of the property purchased." These warrants were issued in the amounts agreed upon for payment of the fee simple portions of the subject properties. The Defendants received 1099-S tax documents filed by the Oklahoma Department of Transportation Legal & Business Services Division for the warrants issued in 2020.

## IV.   ARGUMENT

Plaintiff's claims for Estimates of Just Compensation, listed in the Reports of Commissioners as $6,000 for the real property described in Case No. 20-CV-208-TCK-JFJ, and $16,000 for the real property in Case No. 20-CV-209-JED-FHM, are in breach of contracts with the Defendants.  These contracts were negotiated through a series of oral and written agreements that occured from 2018 to 2019. The Defendants own the subject properties as tenants in common with undivided interests of ownership. The Defendants' undivided interest includes a minor portion that is owned in fee simple, and a majority portion that is owned as restricted Indian land held in trust by the Department of Interior Bureau of Indian Affairs. These contracts are supported by consideration from Plaintiff in the form of warrants that were issued in February of 2020 as partial payments to the Defendants for the undivided interest of the land that the Defendants own in fee simple. The warrants issued by Plaintiff obligate Plaintiff to fulfill their contractual duties as agreed upon in the series of oral and written contracts between Plaintiff and the Defendants. Furthermore, the warrants impose an undue tax burden upon the Defendants. Payment for the portion of land owned in fee simple is subject to federal and state taxation. Payment for the undivided interest of land that is held in trust is exempt from these taxes. Payments made by Plaintiff to the Defendants must correlate to the ratio of land that is taxable versus tax exempt.  Plaintiff's Estimates of Just Compensation for the subject properties suggest amounts that are disproportionate in ratio to the warrants issued for the fee simple portion of the Defendants' land.

Plaintiff presented the two subject properties simultaneously to the Defendants, in 2018, for the purposes of negotiating an expansion to an existing Oklahoma State Highway that traverses both of the subject properties. Prior to written agreements, Defendant Noah Kemohah a/k/a Noah Sanders ("Mr. Kemohah") contacted the Oklahoma Department of Transportation by phone and verified the highway expansion was expected to run approximately nine feet on both sides of the existing highway easement. During the period of negotiations between 2018 and 2019, Ms. Bush visited Mr. Kemohah at his place of work, requested for Mr. Kemohah to assist in organizing and distributing the Plaintiff's documents, and relied on the Defendants to make corrections in identifying the division of land between trust and fee simple. At various times the Plaintiff's agent threatened the Defendants with condemnation as an alternative to settlement. Ms. Bush insisted that the amount offered was the highest amount that could be negotiated for settlement and that any amount appraised for condemnation would be less than the amount offered during negotiations. Ms. Bush sent out mismatching and incomplete forms to numerous Defendants by mail and by email, at different times during the negotiation process. The Defendants live in various parts of the state of Oklahoma and Texas. Ms. Bush insisted on a meeting of all available landowners, in a place that was as convenient as possible for all parties involved. In late 2019, Four out of five of the Defendants traveled across the state of Oklahoma to attend the meeting with Ms. Bush at the Central Norman Public Library, in Norman, OK, where an agreement was made between the Defendants and Plaintiff's acquisition agent, Ms. Bush. The other Defendant named in section 1, Adrian Sanders, was informed of the agreement made at the meeting with Ms. Bush in Norman; he was sent the appropriate documents to sign, directly after the meeting.

The subject properties described in related cases No. 20-CV-208-TCK-JFJ and No. 20-CV-209-JED-FHM were negotiated upon simultaneously as a related series of contracts to transfer the described lands from the Defendants to Plaintiff. The warrants issued by Plaintiff in payment to the Defendants for the undivided interest, which is owned in fee simple, constitute consideration and mutual assent to the contracts negotiated between Plaintiff and the Defendants from the period of 2018 through 2019. The Defendants' undivided interest in these lands dictates that the warrants issued by Plaintiff are not payments for a particular or singularly identifiable portion of the subject properties, but, rather, are payments for an undivided percentage of the subject properties that is owned by the Defendants in fee simple. The warrants issued by Plaintiff do not entitle Plaintiff to gain access to any portion of the subject properties until the Defendants are additionally compensated for the undivided interest of land that is held in trust by the Department of Interior Bureau of Indian Affairs.

From 2018 through 2019, Plaintiff and the Defendants agreed upon total sums of $7,500 for the real property described in Case No. 20-CV-208-TCK-JFJ and $18,000 for the real property described in Case No. 20-CV-209-JED-FHM. The difference between the amount paid by Plaintiff as warrants issued for the land owned by Defendants in fee simple and the total sums negotiated for the subject properties is the payment that was negotiated for portion of the Defendants undivided interest that is held in trust by the Department of the Interior Bureau of Indian Affairs. Additionally, this difference takes into account a ratio of payments that must match the ratio for the portion that is taxable versus the portion that is tax exempt.

Plaintiff has initiated Condemnation Proceedings to expedite the transfer of property by circumnavigating the usual bureaucratic requirements of transferring ownership of land held in trust by the U.S. Department of Interior Bureau of Indian Affairs. Payment for the undivided

7

interest of land that is held in trust must be approved and issued through the Department of Interior in a process that allows for Indian landowners of federally restricted lands to receive payments through their tax exempt Individual Indian Money ("IIM") accounts. Plaintiff is obligated to issue payment to the Bureau of Indian Affairs that is equal in ratio to the undivided interest that is held in trust and thus is tax exempt. The warrants issued by Plaintiff in February of 2020 constitute consideration in agreement to both the total sum negotiated for the subject properties and, by default, as an agreement to the ratio of payment that must be issued directly to the Bureau of Indian Affairs.

## V.     CONCLUSION

Plaintiff has usurped the Defendants' time in negotiations; imposed upon the Defendants to decipher and organize Plaintiff's own paperwork; inconvenienced the Defendants to travel across the state to meet for a final agreement; applied harsh negotiating tactics at the level of duress; and assented to their own offers by consideration in the form of warrants issued in February of 2020. On March 12, 2021, Plaintiff provided Notices in Condemnation Proceedings and proposed total Estimates of Compensation in the Reports of Commissioners, that would place Plaintiff in breach of contract and would impose an undue tax burden upon the Defendants by disrupting the ratio of payments for lands that are partially exempt from taxation. Plaintiff is bound by contract and by the legal process of issuing payments for land held in trust, to deliver total payment to Defendants in the amount $7,500 for the real property described in Case No. 20-CV-208-TCK-JFJ and $18,000 for the real property described in Case No. 20-CV-209-JED-FHM.

## VI.     DEMAND FOR JURY TRIAL

Defendants include in their objection to the Commissioners Reports of Estimated Compensation a demand for a jury trial on the amounts of damages to be awarded for the lands described in Cases No. 20-CV-208-TCK-JFJ and No. 20-CV-209-JED-FHM. Defendants note that payments for tax exempt lands must be made to the appropriate federal agency. Defendants note multiple alternatives to a Jury Trial:

(1) The Defendants invite the Plaintiff to amend its pleading, in accordance with Federal Rules of Procedure 71.1 (f), in an effort to avoid the costs of a jury trial, and to conform the Estimated Compensation to the agreed upon compensation of Plaintiff's original offers, which are supported by consideration in the form of warrants issued in February of 2020.

(2) The Defendants request specific performance by Plaintiff for the compensation agreed upon for the subject properties:

   a. $7,500 for the real property described in Case No. 20-CV-208-TCK-JFJ; and
   b. $18,000 for the real property described in Case No. 0-CV-208-JED-FHM.

(3) The Defendants additionally request a summary judgement by the court, in favor of the Defendants, on the issue of compensation damages, for the amounts contractually agreed upon during the negotiations of 2018 through 2019, in an effort to save all parties, and the court, from the costs associated with a jury trial.

The Defendants have attached copies of some of the documents that were used in negotiations with Plaintiff and an example of the warrants issued by Plaintiff in February of 2020: summary of acquisition forms for the subject properties; description of percentages of land owned in fee simple and held in trust; warrant for payment of the fee simple portion Mr. Kemohah; and a 1099-S Tax document for the warrant issued to Mr. Kemohah.

### III. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 9, 2021.

Signature of Defendant: *Noah Kemohah*
Printed Name of Defendant: Noah Kemohah

Address: 711 Iowa St Norman, OK 73069
Telephone Number: 405-474-1349
E-mail Address: noahkemohah@gmail.com



OKLAHOMA DEPARTMENT OF TRANSPORTATION
200 N. E. 21st Street
Oklahoma City, OK 73105-3204

February 04, 2020

NOAH J KEMOHAH
711 IOWA ST
NORMAN, OK 73069

RE: 24268(05)  SSP-157C(123)RW
    OSAGE COUNTY
    PARCEL   41.0

We are enclosing Warrant 108368441 in the amount of $750.00 which represents payment for:

LAND ONLY

This Warrant represents payment which was agreed upon between you and the State of Oklahoma. Upon receipt of this warrant, the Oklahoma Department of Transportation completes the purchase of the right-of-way and has the absolute right to immediate possession of the property purchased.

In the event you were compensated to relocate or replace specific items, the Department of Transportation is required by Federal Regulations to issue a 30-day notice in order to provide adequate time to remove those specific items from the newly acquired right-of-way and vacate lands purchased. **Therefore, we are setting March 09, 2020 as the date to have these items removed from our right-of-way.** Such notice shall in no way affect the right of the State to move on and take possession of the lands purchased.

PLEASE CASH IMMEDIATELY.  THE WARRANT BECOMES VOID 90 DAYS AFTER THE DATE OF THE WARRANT.  If it is not cashed, an Affidavit will have to be signed, processed, and another warrant issued which could take up to four weeks.

If you have any questions or need assistance, please let us know.

*Linda R. Smith*

Business Office
Legal & Business Services Division
(405) 521-2645

xc:  Division 8
     Relocation Branch
     Acquisition Branch

"The mission of the Oklahoma Department of Transportation is to provide a safe, economical, and effective transportation network for the people, commerce and communities of Oklahoma."
AN EQUAL OPPORTUNITY EMPLOYER

SUBSTITUTE 1099-S TAX INFORMATION - 2020
PROCEEDS FROM REAL ESTATE TRANSACTIONS

THIS IS IMPORTANT TAX INFORMATION AND IS BEING FURNISHED TO THE INTERNAL REVENUE SERVICE. IF YOU ARE REQUIRED TO FILE A RETURN, A NEGLIGENCE PENALTY OR OTHER SANCTION WILL BE IMPOSED ON YOU IF THIS INCOME IS TAXABLE AND THE IRS DETERMINES THAT IT HAS NOT BEEN REPORTED.

NOAH J KEMOHAH
711 IOWA ST
NORMAN       OK    73069

FILER'S NAME

OKLAHOMA DEPARTMENT OF TRANSPORTATION
LEGAL & BUSINESS SERVICES DIVISION
200 N.E. 21ST STREET
OKLAHOMA CITY, OK 73105-3204

(405) 521-2645

TAX PAYER'S IDENTIFICATION NUMBER

440940890

FOREIGN TRANSFEROR

FILER'S FEDERAL IDENTIFICATION NUMBER

73-6017987W

PURCHASE OF PROPERTY AND DAMAGES (IF ANY) FOR A HIGHWAY PROJECT

| WARRANT NUMBER | WARRANT DATE | WARRANT AMOUNT |
|---|---|---|
| 108368441 | 02/03/2020 | $750.00 |

| JOB PIECE | PARCEL | COUNTY | LEGAL ADDRESS | NAME ID |
|---|---|---|---|---|
| 2426805 | 41.0 | OSAGE | PT. SE4<br>09    22N    09E | 81160 |

If you have any questions, please contact 405-521-2645.



# SUMMARY OF ACQUISITION

JOB PIECE: 24268(05) , COUNTY Osage , PARCEL(S) 39

PROPERTY LOCATION: Section 9 , Township 22N , Range 9E , Osage County

BUYER: Oklahoma Department of Transportation, ODOT

SELLER: OWNERS(S), NAME AND ADDRESS:

Payment Address:
Restricted Ownership

Osage Agency-BIA
Dept. C155
Tract 930 SA 42 B
P.O. Box 105533
Atlanta, GA 30348

ASSIGNMENT: Tax info NA

MORTGAGES AND LIENS: NONE

IMPROVEMENTS: NONE

DAMAGES: Highway Easement

PROPERTY OWNER(S) WILL EXECUTE AND SUBMIT TO THE BUYER, ODOT, THE FOLLOWING DOCUMENTS:

| | | | | |
|---|---|---|---|---|
| GRANT OF EASEMENT | for parcel 39 | for 1.29 | Acres |
| N/A | for parcel NA | for NA | Acres |
| N/A | for parcel NA | for NA | Acres |
| N/A | for parcel NA | for NA | Acres |
| N/A | for parcel NA | for NA | Acres |

ACQUISITION AMOUNT FOR LAND, IMPROVEMENTS AND DAMAGES: $7,500.00
OF WHICH $5,625.00 IS FOR THE RESTRICTED INDIAN LAND INTEREST.

BUYER AND SELLER AGREE:

The seller agrees to relocate or replace all improvements within 30 days from the receipt of payment. It may take 45-60 days before payment is received after THE DEPARTMENT receives all necessary documents. THE DEPARTMENT will mail a 1099-S form at the end of the year in which payment was received, if applicable. The DEPARTMENT will construct new right of way fence.

UPON RECEIPT OF SIGNED DOCUMENTS, BUYER, ODOT, WILL PREPARE THE FOLLOWING:

State Warrant in the amount of $5,625.00 to BIA-Osage Agency for Tract 930 SA 42B
State Warrant in the amount of
State Warrant in the amount of
State Warrant in the amount of
BIA-Osage Agency for Tract 930 SA 42B

| Signature / Name | Share | Type | | Date |
|---|---|---|---|---|
| Jean M. Kemohah — PROPERTY OWNER / SELLER | 0.300 / 30.00% | All (TTL & BEN) | or | 11-15-19 |
| Theresa M. Sanders — PROPERTY OWNER / SELLER | 0.075% / 7.50% | All (TTL & BEN) | or | 11-15-19 |
| Thomas A. Kemohah — PROPERTY OWNER / SELLER | 0.075% / 7.50% | All (TTL & BEN) | or | DATE |
| Theresa M. Sanders — PROPERTY OWNER / SELLER | 0.300 / 30.00% | (LE-BEN) | or | 11-15-19 |
| Noah J. Sanders — PROPERTY OWNER / SELLER | 0.100 / 10.00% | (TITLE) | or | 11/15/19 |
| Mahada B. Sanders — PROPERTY OWNER / SELLER | 0.100 / 10.00% | (TITLE) | or | 11-15-19 |
| Adrian K. Sanders — PROPERTY OWNER / SELLER | 0.100 / 10.00% | (TITLE) | or | DATE |

Kim Bush                                                                                      DATE
ODOT ACQUISITION AGENT

RW FORM ACQ 220                                                                 REV. 6/2015



# SUMMARY OF ACQUISITION

JOB PIECE: 24268(05), COUNTY Osage, PARCEL(S) 41

PROPERTY LOCATION: Section 9, Township 22N, Range 9E, Osage County

BUYER: Oklahoma Department of Transportation, ODOT

**FEE OWNER NAME AND ADDRESS**

Payment Address: Tract 930 SA 658 D
Restricted Ownership
BIA - Osage Agency
Dept C155
P.O. Box 979121
St. Louis, MO 63917-9000

Theresa M. Sanders: 1427 E. Maine Ave., Enid, OK 73701
Adrain K. Sanders: 4036 Creek Valley Blvd., Carrollton, TX 75010
Noah J. Sanders: 711 Iowa St., Norman, OK 73069
Mahada B. Sanders: 2340 NW 32nd St., Oklahoma City, OK

ASSIGNMENT: Tax info NA

MORTGAGES AND LIENS: NONE

IMPROVEMENTS: None

DAMAGES: Perpetual Highway Easement

PROPERTY OWNER(S) WILL EXECUTE AND SUBMIT TO THE BUYER, ODOT, THE FOLLOWING DOCUMENTS:

| GOE & Highway Easement | for parcel | 41 | for | 4.93 | Acres |
| | for parcel | NA | for | NA | Acres |
| | for parcel | NA | for | NA | Acres |
| | for parcel | NA | for | NA | Acres |
| | for parcel | NA | for | NA | Acres |

ACQUISITION AMOUNT FOR LAND, IMPROVEMENTS AND DAMAGES: $18,000.00

BUYER AND SELLER AGREE:

The seller agrees to relocate or replace all improvements within 30 days from the receipt of payment. It may take 45-60 days before payment is received after THE DEPARTMENT receives all necessary documents. THE DEPARTMENT will mail a 1099-S form at the end of the year in which payment was received. The DEPARTMENT is "NOT" responsible for constructing a new right of way fence.

UPON RECEIPT OF SIGNED DOCUMENTS, BUYER, ODOT, WILL PREPARE THE FOLLOWING:

| State Warrant in the amount of | $13,500.00 | to | BIA-Osage Agency for Tract 930 SA 658 D |
| State Warrant in the amount of | $2,250.00 | to | Theresa M. Sanders |
| State Warrant in the amount of | $750.00 | to | Adrian K. Sanders |
| State Warrant in the amount of | $750.00 | to | Noah J. Sanders |
| State Warrant in the amount of | $750.00 | to | Mahada B. Sanders |
| Total Claims: | $18,000.00 | | |

BIA-Osage Agency for Tract 930-SA 658 D

Genevieve Marie Kemohah   0.25   (TTL & Ben)   or   DATE
PROPERTY OWNER / SELLER   25.00%

Adrian Sanders aka
Adrian Kemohah Sanders   0.0833   (TTL & Ben)   or   DATE
PROPERTY OWNER / SELLER   8.34%   & 0.0833 (TITLE)                11/15/19

Noah Sanders aka
Noah Justin Sanders   0.0833   (TTL & Ben)   or   DATE
PROPERTY OWNER / SELLER   8.34%   & 0.0833 (TITLE)                11/15/19

Mahada Sanders aka
Mahada Bernadette Sanders   0.0833   (TTL & Ben)   or   DATE
PROPERTY OWNER / SELLER   8.34%   & 0.0833 (TITLE)                11/15/19

Theresa Marie Martin Sanders   0.250   BEN-Rev. Trust   or   DATE
PROPERTY OWNER / SELLER   25.00%

**FEE OWNERSHIP INTEREST**

Theresa Marie Martin Sanders aka
Theresa M. Sanders   0.1250   FEE (TTL & BEN)   or   DATE
PROPERTY OWNER / SELLER   12.50%                                   11/15/19

Adrian Sanders aka
Adrian Kemohah Sanders   0.0417   FEE (TTL & BEN)   or   DATE
PROPERTY OWNER / SELLER   4.17%                                    11/15/19

Noah Sanders aka
Noah Justin Sanders   0.0417   FEE (TTL & BEN)   or   DATE
PROPERTY OWNER / SELLER   4.17%                                    11-15-19

Mahada Sanders aka
Mahada Bernadette Sanders   0.0417   FEE (TTL & BEN)   or   DATE
PROPERTY OWNER / SELLER   4.17%

Kim Bush                                                            DATE
ODOT ACQUISITION AGENT

RW FORM ACQ 220                                                REV. 6/2015

# HIGHWAY EASEMENT

24268(05)
Parcel 41
September 4, 2018

KNOW ALL MEN BY THESE PRESENTS:

That Theresa Marie Sanders aka Theresa M. Sanders, a single person, Adrian Sanders aka Adrian Kemohah Sanders aka Adrian K. Sanders, a single person, Noah Sanders aka Noah Justin Sanders aka Noah J. Sanders, a single person, Mahada Bernadette Sanders aka Mahada B. Sanders aka Mahada Sanders ~~and Don E. Butler, Wife and Husband~~ KAD

of Osage County, State of Oklahoma, hereinafter called the Grantors (whether one or more), for and in consideration of the sum of Ten and No/100's---------------------------------------------------------------
Dollars ($10.00-------------------------------------------------) and other good, valuable and sufficient considerations, do hereby grant, bargain, sell, convey to the State of Oklahoma, acting by and through the Department of Transportation of the State of Oklahoma, a perpetual easement to the surfaces of the following described lots or parcels of land for the purpose of establishing thereon a public highway or facilities necessary and incidental thereto, and including all right and interest in and to the airspace, light and view above the surface of the lands described herein, for the term of this agreement to-wit:

SEE EXHIBIT "A"

For the same consideration hereinbefore recited, said Grantors grant and convey to the State of Oklahoma, the right to use and remove any and all dirt, rock, gravel, sand and other road building materials from the realty described, but excepting unto said Grantors the mineral rights therein; provided, however, that any explorations or development of said reserved mineral rights shall not directly or indirectly interfere with the use of said land for the purpose herein granted;

To have and to hold said above described premises unto the said State of Oklahoma, free, clear and discharged from any and all claims of damages or injury that may be sustained directly or indirectly to the remaining lands of the Grantors by reason of the construction and maintenance of a public highway and all highway excavations, embankments, structures, bridges, drains, sight distance or safety areas and other facilities that may now or hereafter be, in the discretion of the grantee, necessary for the construction and maintenance of a public highway and incidental facilities over, across or along the above described real estate; the supervision and control of said public highway to be in such municipality, county or other agency of the State of Oklahoma, as has or may have jurisdiction thereof by the laws of the State of Oklahoma; and said State of Oklahoma, its officers, agents, contractors and employees are hereby granted free access to said property for the purpose of entering upon, constructing, maintaining or regulating the use of said public highway and incidental facilities.

Said Grantors hereby covenant and warrant that at the time of the delivery of these presents they are the owners of the above described premises and that same are free and clear of all liens and claims whatsoever, except, NONE.

The undersigned Grantors hereby designate and appoint Theresa M. Sanders, Adrian K. Sanders, Noah J. Sanders And Mahada B. Sanders as agent to execute the claim and receive the compensation herein named.

IN WITNESS WHEREOF, the Grantors herein named have hereunto set this hands and seals this the _____ day of _____, 2019.

_____
Theresa Marie Sanders aka Theresa M. Sanders

_____
Adrian Sanders aka Adrian Kemohah Sanders aka Adrian K. Sanders

_____
Noah Justin Sanders aka Noah J. Sanders

_____
Mahada Bernadette Sanders aka Mahada B. Sanders ~~and Don E. Butler~~ KAD

R/W Form 14 Regular
Revised 03-08

| Owner Name or Alias | Individual Owner Name or Alias | Ownership Type | Interest Type (LE-Life Estate) | Interest Decimal | Percentage | Fraction | Settlement Amount ($18,000.00) | Payment | Mailing/Payment Address | City, State Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| Tract 930 SA 658 D | | R-Restricted | | 0.7500000000 | | | $13,500.00 | $13,500.00 | | |
| | Genevieve Marie Kemohah | R-Restricted | (TTL & Ben) | 0.2500000000 | 25.00% | 1/4 | | $4,500.00 | 1876 W. Robinson St APT A | Norman, OK 73069 |
| | Adrian Sanders aka Adrian Kemohah Sanders | R-Restricted | (TTL & Ben) | 0.0833333333 | 8.34% | 1/12 | | $1,500.00 | 4036 Creek Valley Blvd. | Carrollton, TX 75010 |
| | Adrian Sanders aka Adrian Kemohah Sanders | R-Restricted | TITLE | 0.0833333333 | 8.33% | 1/12 | | $0.00 | 4036 Creek Valley Blvd. | Carrollton, TX 75010 |
| | Noah Sanders aka Noah Justin Sanders | R-Restricted | (TTL & Ben) | 0.0833333333 | 8.34% | 1/12 | | $1,500.00 | 711 Iowa St | Norman, OK 73069 |
| | Noah Sanders aka Noah Justin Sanders | R-Restricted | TITLE | 0.0833333333 | 8.33% | 1/12 | | $0.00 | 711 Iowa St | Norman, OK 73069 |
| | Mahada Sanders aka Mahada Bernadette Sanders | R-Restricted | (TTL & Ben) | 0.0833333333 | 8.33% | 1/12 | | $1,500.00 | 2340 NW 32nd St | Oklahoma City, OK 73112 |
| | Mahada Sanders aka Mahada Bernadette Sanders | R-Restricted | TITLE | 0.0833333333 | 8.33% | 1/12 | | $0.00 | 2340 NW 32nd St | Oklahoma City, OK 73112 |
| | Theresa Marie Martin Sanders | R-Restricted | BEN-Rev. Trust | 0.2500000000 | 25.00% | 1/4 | | $4,500.00 | 1427 E Maine Ave | Enid, OK 73701 |
| On behalf of Tract 930 SA 658 D | | | | 0.7500000000 | 75.00% | 3/4 | | | | |
| ORIGINAL FEE OWNER--NORA WOODRING PROBATE | (Nora Woodring) | F- Fee | | 0.2500 | | | $4,500.00 | | | |
| | Theresa Marie Martin Sanders aka Theresa M. Sanders | / F- Fee | FEE (TTL & BEN) | 0.1250000000 | 12.50% | 1/8 | | $2,250.00 | 1427 E Maine Ave | Enid, OK 73701 |
| BERNARD KEMOHAH PROBATE | (Bernard Kemohah) | F- Fee | | 0.1250 | | | | | | |
| | Adrian Sanders aka Adrian Kemohah Sanders | / F- Fee | FEE (TTL & BEN) | 0.0416666667 | 4.17% | 1/32 | | $750.00 | 4036 Creek Valley Blvd. | Carrollton, TX 75010 |
| | Noah Sanders aka Noah Justin Sanders | / F- Fee | FEE (TTL & BEN) | 0.0416666667 | 4.17% | 1/32 | | $750.00 | 711 Iowa St | Norman, OK 73069 |
| | Mahada Sanders aka Mahada Bernadette Sanders | / F- Fee | FEE (TTL & BEN) | 0.0416666666 | 4.17% | 1/32 | | $750.00 | 2340 NW 32nd St | Oklahoma City, OK 73112 |
| | | | | 0.2500000000 | 25.00% | 1/4 | | | | |
| | On behalf of Fee Interest | | TOTALS: | 1.0000000000 | 100.00% | 1 | $18,000.00 | $18,000.00 | | |

| Owner Name or Alias | Individual Owner Name or Alias | Ownership Type | Interest Type (LE-Life Estate) | Interest Decimal | Percentage | Fraction | Settlement Amount ($7,500.00) | Payment | Mailing/Payment Address | City, State Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| Tract 930 SA 42B | | R-Restricted | | 1.0000000000 | | | $5,625.00 | $5,625.00 | | |
| BIA OsageAgen Tract 930 SA 42B | Jean M. Kemohah | R-Restricted | All (TTL & BEN) | 0.3000000000 | 30.00% | 2/7 | | $2,250.00 | 1876 W. Robinson St APT A | Norman,, OK 73069 |
| | Theresa M. Sanders | R-Restricted | All (TTL & BEN) | 0.0750000000 | 7.50% | 3/40 | | $562.50 | 1427 E Maine Ave | Enid, OK 73701 |
| | Thomas A. Kemohah | R-Restricted | All (TTL & BEN) | 0.0750000000 | 7.50% | 3/40 | | $562.50 | P.O. Box 124 | Vinita, OK 74301 |
| Geraldine F. Kemohah ESTATE (TRUST) | (Geraldine F. Kemohah) | R-Restricted | | 0.3000 | | | | | | |
| | Adrian K. Sanders | R-Restricted | TITLE | 0.1000000000 | 10.00% | 1/10 | | $0.00 | 4036 Creek Valley Blvd. | Carrollton, TX 75010 |
| | Noah J. Sanders | R-Restricted | TITLE | 0.1000000000 | 10.00% | 1/10 | | $0.00 | 711 Iowa St | Norman, OK 73069 |
| | Mahada B. Sanders | R-Restricted | TITLE | 0.1000000000 | 10.00% | 1/10 | | $0.00 | 2340 NW 32nd St | Oklahoma City, OK 73112 |
| | Theresa M. Sanders | R-Rest. (LE-BEN) | | 0.3000 | 30.00% | | | $2,250.00 | 1427 E Maine Ave | Enid, OK 73701 |
| | | | | 0.7500000000 | 75.00% | 3/4 | | | | |
| ORIGINAL FEE OWNER--NORA WOODRING PROBATE | (Nora Woodring) | F- Fee | | 0.2500 | | | $1,875.00 | | | |
| | Theresa M. Sanders | / F- Fee | FEE (TTL & BEN) | 0.1250000000 | 12.50% | 1/8 | | $937.50 | 1427 E Maine Ave | Enid, OK 73701 |
| BERNARD KEMOHAH PROBATE | (Bernard Kemohah) | F- Fee | | 0.1250 | | | | | | |
| | Theresa M. Sanders | / F- Fee | FEE (TTL & BEN) | 0.0375000000 | 3.75% | 1/32 | | $281.25 | 1427 E Maine Ave | Enid, OK 73701 |
| | Jean M. Kemohah | / F- Fee | FEE (TTL & BEN) | 0.0250000000 | 2.50% | 1/32 | | $187.50 | 1876 W. Robinson St APT A | Norman,, OK 73069 |
| | Thomas A. Kemohah | / F- Fee | FEE (TTL & BEN) | 0.0375000000 | 3.75% | 1/32 | | $281.25 | P.O. Box 124 | Vinita, OK 74301 |
| Geraldine F. Kemohah ESTATE | Geraldine F. Kemohah | / F- Fee | | 0.0250 | | | | | | |
| | Adrian K. Sanders | / F- Fee | FEE (TTL & BEN) | 0.0062500000 | 0.63% | 1/16 | | $46.88 | 4036 Creek Valley Blvd. | Carrollton, TX 75010 |
| | Noah J. Sanders | / F- Fee | FEE (TTL & BEN) | 0.0062500000 | 0.63% | 1/16 | | $46.88 | 711 Iowa St | Norman, OK 73069 |
| | Mahada B. Sanders | / F- Fee | FEE (TTL & BEN) | 0.0062500000 | 0.63% | 1/16 | | $46.88 | 2340 NW 32nd St | Oklahoma City, OK 73112 |
| | Theresa M. Sanders | / F- Fee | FEE (TTL & BEN) | 0.0062500000 | 0.63% | 1/16 | | $46.87 | 1427 E Maine Ave | Enid, OK 73701 |
| | | | | 0.2500000000 | 25.00% | 1/4 | | | | |
| Claimant: Superintendent, BIA-Osage Agency On Behalf of Tract 930 SA 42B | | | TOTALS: | 1.0000000000 | 100.00% | 1 | $7,500.00 | $7,500.00 | | |